United States District Court
Southern District of Texas
**ENTERED**
May 22, 2023
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| GERREN JARROD BROKENBERRY, § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:23-CV-0389 |
| § | |
| ALLSTATE FIRE AND CASUALTY § | |
| INSURANCE COMPANY, § | |
| *Defendant*. § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff, proceeding pro se, filed a Petition in Texas state court on October 31, 2022 alleging that Defendant Allstate Fire and Casualty Insurance Company (Allstate) owes him compensation of $68,500.00, "Trespass for Fee Schedule $315,000 denoted in fine silver," and punitive damages of $650.00 per day "for late fees." ECF 1 at 25. A few days later, Plaintiff filed what looks to be a substantively identical pleading titled "Amended Petition for Compensation." ECF 1 at 36. On February 2, 2023, Allstate removed the case to this federal court on the basis of diversity jurisdiction and on March 2, 2023 filed a Motion to Dismiss Plaintiff's case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF 9. Plaintiff to date has not filed a response to the Motion to Dismiss.[1] The Court

---

[1] The Court struck Plaintiff's March 17, 2023 filing under Rule 12(f). ECF 13.

recommends that the Motion to Dismiss be GRANTED, and Plaintiff's claims be dismissed with prejudice.[2]

### I.     Rule 12(b)(6) Standards

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).  In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion.  If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for

---

[2] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 3.

summary judgment. *See* FED. R. CIV. P. 12(d). However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011). In this case, the Court properly considers Plaintiff's filings in state court that are attached to the Notice of Removal. ECF 1.

Under Local Rules for the Southern District of Texas, the Court may construe Plaintiff's failure to respond to a motion as an indication the motion is unopposed. LOC. R. S.D. TEX. 7.4. However, it is not appropriate to grant a motion to dismiss with prejudice based solely on the lack of response. *Garza v. Formosa Plastics Corp.*, No. CIV.A. V-10-54, 2011 WL 121562, at *2 (S.D. Tex. Jan. 11, 2011); *Lopez v. VHS San Antonio Partners, LLC*, Civil Action No. 17-CA-151, 2017 WL 10841974, at *1 n.1 (W.D. Tex. Dec. 19, 2017). But, when a Plaintiff has presented no facts that plausibly state a claim for relief and has not requested leave to amend, the court may find that the Plaintiff has pleaded his best case and amendment would be futile. *See Lyons v. Starbucks Coffee Co., N*o. 3:19-CV-2457-S-BT, 2020 WL 5732638, at *4 (N.D. Tex. Aug. 24, 2020), report and recommendation adopted, No. 3:19-CV-2457-S-BT, 2020 WL 5710245 (N.D. Tex. Sept. 24, 2020) ("when a

plaintiff does not file a response to a Rule 12(b)(6) motion or request leave to amend, the court may deny the plaintiff leave to amend because the plaintiff has already pleaded his or her best case."); *Vanskiver v. City of Seabrook, Texas*, Civil Action No. H-17-3365, 2018 WL 560231, at *7 (S.D. Tex. Jan. 24, 2018).

## II.  Analysis

Plaintiff's pleading is devoid of factual allegations that support any claim for relief against Allstate. Even considering the May 22, 2022, June 10, 2022, and July 25, 2022 communications Plaintiff apparently sent to Allstate, Plaintiff's Petition fails to allege with sufficient specificity and clarity: (1) the existence of a valid insurance policy issued by Allstate; (2) the injury or loss Plaintiff incurred that Plaintiff contends is covered by the policy; (3) that Plaintiff made a claim for benefits under the policy; and (4) that Allstate denied his claim for benefits.  The only mention of the basis for Plaintiff's claim is a reference in Plaintiff's June 10, 2022 communication to "the accident, casualty, or event which occurred on or about 18th day of December 2021, at or near prior ride, Spring, TX." ECF 1 at 13.  Plaintiff's filings consist primarily of superfluous and meaningless verbiage that serves no purpose.  Defendant's Motion to Dismiss should be granted because Plaintiff has not pleaded factual allegations that state a plausible claim for relief against Allstate. *See Iqbal*, 556 U.S. at 678.

Generally, a plaintiff should be given an opportunity to amend a deficient pleading unless the court determines that leave to amend would be futile. *Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 125 (5th Cir. 2019); *Mason v. Fremont Inv. & Loan*, 671 F. App'x 880, 883 (5th Cir. 2016). However, as noted above, Plaintiff's failure to respond to the Motion to Dismiss or to request leave to amend are reasons for dismissal with prejudice because they indicate he has already pleaded his best case.

### III.   Conclusion and Recommendation

For the reasons discussed above, the Court RECOMMENDS that Defendant's Motion to Dismiss (ECF 9) be GRANTED and this case be DISMISSED WITH PREJUDICE.

If Plaintiff files an Amended Complaint within the 14-day objection period that cures all deficiencies in his pleading and alleges facts that state a plausible claim for relief, the Court may revise this recommendation.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto.*

*Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on May 22, 2023, at Houston, Texas.

_____
Christina A. Bryan
United States Magistrate Judge